IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tram Dang | ) |
| And | ) |
| Yu-Yun Lou Buhle aka "Lori" Buhle | ) |
| | ) CASE NO 25 CV 1393 |
| Plaintiffs, | ) |
| vs. | ) |
| Peking Duck USA, INC. d/b/a Lao Sze Chuan | ) |
| | ) |
| Hu Xiaojun aka "Tony" Hu | ) **JURY TRIAL DEMANDED** |
| as an individual | ) **ON ALL COUNTS** |
| under FLSA and Illinois Wage Laws | ) |
| Defendants. | ) |

## PLAINTIFFS' COMPLAINT

NOW COMES the Plaintiffs, Tram Dang and Yu-Yun Lou Buhle aka "Lori" Buhle, by and through their undersigned counsel of record, upon personal knowledge as to those allegations in which they so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL") the Chicago Minimum Wage Ordinance (CMWO), Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) (hereinafter "IWPCA") and brings this cause of action against Peking Duck USA, INC. d/b/a Lao Sze Chuan., (Hereinafter referred to as "LSC"), and against Defendant Hu Xiaojun aka "Tony" Hu as an individual under FLSA and Illinois Wage Laws and in so doing states the following:

## NATURE OF THE ACTION

1. Plaintiff, Tram Dang and Yu-Yun Lou Buhle aka "Lori" Buhle, alleges individually that they, under federal, state and City of Chicago wage laws, are entitled to be paid for all hours worked and to receive minimum wage for all hours worked and

overtime rate of pay for all overtime hours as well as be paid all tips earned by Plaintiffs.

2. Plaintiffs bring claims based upon Defendants' policy and procedure and practice of not paying any wages for work performed in January of 2025.

3. Plaintiffs worked between 10-20 hours in January of 2025 and were paid nothing for these wages in violation of the FLSA, IMWL, CMWO and IWPCA. Plaintiffs plead this specific violation in fulfillment of the jurisdiction need for a FLSA violation, which here is that Plaintiffs were not paid minimum wages for the days of work performed in January of 2025.

4. These are federal, state and city violations of the minimum wage requirements for these laws.

5. Additionally, Defendants took Plaintiffs tips by deducted $700.00 from the Plaintiffs' tips wages in November of 2024. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973), the CMWO, FLSA and Illinois Department of Labor Regulations.

6. Further Defendants failed to pay Plaintiffs earned and owed tips from December of 2024, thus Plaintiffs are owed the tips from this period of time.

7. As a result of the Defendants failure to pay Plaintiffs their earned and owed tips, Defendants did not fulfill the requirements to pay Plaintiffs a "tip rate" of pay.

8. Thus because Defendants stole Plaintiffs' tips, Defendants lost their ability to pay Plaintiffs at a tip rate, for both November and December of 2024 and likely for other periods of time. For this violation Plaintiffs are owed the differential from the tip rate and the minimum wage rates under FLSA, IMWL and CMWO.

9. Defendants also have stolen some or all of the Plaintiffs tip wages on a regular recurring basis, every few months for the last three years.

10. Lastly, for the last several years, Plaintiffs were paid the Plaintiffs' tips on a monthly basis; on the first of the month for the prior month. This payment regime is in violation of the timely payment requirements for the FLSA, IMWL, CMWO and IWPCA.

11. Under the IWPCA employees must be paid their earned wages within thirteen (13) days of the end of the pay period, thus because Defendants paid for the prior month of the 1st, the period of time from the 1st of the month until the 14-16th was paid late.

12. An example of this is if Plaintiffs worked July 1 to July 31; and was paid their tips on August 1; the portion of the tip payment from the 1st to the 19th were paid late, as those wages were not paid within 13 days of the end of the pay period.

13. If any claim is found correct and proven, the Defendants will be required to pay the following:

  a. Pay back the tips taken

  b. Pay the difference from the tip rate of pay and the applicable minimum wages for all hours worked for the last three years.

  c. All associated penalties:

      i. Liquidated Damages,

      ii. 2% per month IMWL penalties,

      iii. 5% per month IMWL penalties

      iv. IMWL treble damages

3

        v. 5% per month IWCPA penalties,

        vi. Triple damages pursuant to the CMWO

    d. Fees and costs.

14. Plaintiffs request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

16. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

17. The Court is authorized to issue a declaratory judgment.

18. Venue is proper in this Court.

19. Defendants do business and are residents of this District and Division of Federal Court.

## ENTERPRISE JURISDICTION

20. Plaintiffs alleges Enterprise Jurisdiction, as Defendants are sufficient size to engage in commerce.

21. Defendants has a very successful restaurant on Michigan Avenue in Chicago employing a staff consisting of 5-10 employees at any one time.

22. Thus Plaintiffs allege, given the busy location that Defendants have combined sales of at least $500,000 per year.

23. Defendants' operations exceed sales of $500,000.00.

24. Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce.

## INDIVIDUAL FLSA COVERAGE

25. Further, the Plaintiffs also allege individual FLSA Coverage.

26. Defendants are also covered under individual coverage of the FLSA.

27. Even when there is no enterprise coverage, employees are protected by the FLSA if their work regularly involves them in commerce between States ("interstate commerce"). The FLSA covers individual workers who are "engaged in commerce or in the production of goods for commerce."

28. Here Plaintiff sold products to ultimate consumers that traveled in commerce.

29. The items that Plaintiffs sold are seafood from other states in America and from outside of the United States.

30. The items that Plaintiffs sold include food items such as beer, liquor, meat, sausage, breads, soft-drinks and juices from other states in America and from overseas.

31. Plaintiffs also allege that they used credit cards and processed payments via credit cards, which also traveled from state to state in the stream of commerce.

## FACTS REGARDING THE PLAINTIFFS AND DEFENDANTS

32. Plaintiffs Tram Dang and Yu-Yun Lou Buhle aka "Lori" Buhle were employed by Defendants as servers or waitstaff by Defendants.

## CORPORATE FACTS

33. Defendant Peking Duck USA, INC. d/b/a Lao Sze Chuan., (Hereinafter referred to as "LSC" is a corporation or business which does business in Illinois.
34. LSC, Inc., operates a restaurant/bar on Michigan Avenue in Chicago, Illinois.
35. Defendant LSC, Inc., employs a staff of 8-10 employees.
36. Hu Xiaojun aka "Tony" Hu is the owner and/or operator of LSC.
37. Defendant Hu Xiaojun aka "Tony" Hu is named as Defendant pursuant to the FLSA, IMWL and IWPCA as he is the manager and/or owner with the ultimate decision making authority for the various wage violations.
38. As owner and manager of the Corporate Defendant, Hu Xiaojun aka "Tony" Hu had the power to hire, fire and discipline employees and actually exercised that power of hiring, firing and discipline on most Defendants employees.
39. As owner and/or manager of the Corporate Defendant, Hu Xiaojun aka "Tony" Hu caused the wage violations either by directly creation and enforcement of the tip deductions and wage thefts.

40. Defendant Hu Xiaojun aka "Tony" Hu exercise day to day control of operations and was directly involved in the payment (and shortage) of wages to the employees via handling or overseeing the payroll and implementation of the tip deduction policy.

41. For judicial efficiently Plaintiffs ask the court to consider these above individual liability allegations incorporated in the Plaintiffs' Counts found below.

## STATEMENT OF FACTS

A. **LSC policies and procedures and Compensation Practices fail to Minimum Wage and/or take tips which are wages of Plaintiffs**

42. Plaintiffs were employed by LSC as employees of the Defendants and Defendants stole Plaintiffs' tips in violation of tip regulations.

43. Plaintiffs worked for Defendants worked as hourly non-exempt employees.

44. Defendant paid Plaintiffs a "Tip-Rate of Pay".

## DEDUCTIONS VIOLATE THE TIP RATE REGULATIONS

45. In addition to the violations for the deductions, the deductions have a much larger effect on Plaintiff's claims, in that the deductions violate the tip rate regulations.

46. Defendants pay Plaintiff tip-rate of pay.

47. Plaintiffs worked between 10-20 hours in January of 2025 and were paid nothing for these wages in violation of the FLSA, IMWL, CMWO and IWPCA. Plaintiffs plead this specific violation in fulfillment of the jurisdiction need for a FLSA violation, which here is that Plaintiffs were not paid minimum wages for the days of work performed in January of 2025.

48. These are federal, state and city violations of the minimum wage requirements for these laws.

49. Additionally, Defendants took Plaintiffs tips by deducted $700.00 from the Plaintiffs' tips wages in November of 2024. Such deductions are not legal as per 29 C.F.R. §§ 778.307, 531.37(a); WH Opn Ltr No. 1291 (Oct. 1, 1973), the CMWO, FLSA and Illinois Department of Labor Regulations.

50. Further Defendants failed to pay Plaintiffs earned and owed tips from December of 2024, thus Plaintiffs are owed the tips from this period of time.

51. As a result of the Defendants failure to pay Plaintiffs their earned and owed tips, Defendants did not fulfill the requirements to pay Plaintiffs a "tip rate" of pay.

52. Thus because Defendants stole Plaintiffs' tips, Defendants lost their ability to pay Plaintiffs at a tip rate, for both November and December of 2024 and likely for other periods of time. For this violation Plaintiffs are owed the differential from the tip rate and the minimum wage rates under FLSA, IMWL and CMWO.

53. Defendants also have stolen some or all of the Plaintiffs tip wages on a regular recurring basis, every few months for the last three years.

54. Lastly, for the last several years, Plaintiffs were paid the Plaintiffs' tips on a monthly basis; on the first of the month for the prior month. This payment regime is in violation of the timely payment requirements for the FLSA, IMWL, CMWO and IWPCA.

55. Under the IWPCA employees must be paid their earned wages within thirteen (13) days of the end of the pay period, thus because Defendants paid for the prior

month of the 1st, the period of time from the 1st of the month until the 14-16th was paid late.

56. Defendants pay tip-rate of pay, via claiming and applying the tips received by the servers, to off-set the reduced rate of pay.

57. To be allowed to maintain pay employees at a "tip rate" Defendants must fulfill ALL the requirements for tip rate pay.

58. One of the regulations that Defendants must follow is that the employees must receive **_all_** their earned tips.

59. Via the deductions the servers at not receiving all their earned tips.

60. Here the Defendants stole all Plaintiffs' December (2024) and January (2025) tips.

### **Defendants' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

61. Defendants unlawful conduct has been uniform, widespread, repeated and consistent.

62. Defendants willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay and/or that the Defendants were taking the Plaintiffs' and classes tips.

63. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

64. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiffs have such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Individual Action Against Defendant**
**Under the Illinois Minimum Wage Law "IMWL"**

65. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

66. Plaintiffs were employees of the Defendants pursuant to the IMWL.

67. Plaintiffs were employed by Defendants as employees.

68. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

69. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

70. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

71. Plaintiffs' IWML claims include illegal tip deductions, failure to pay minimum wages and failure to pay wages in a timely manner.

**SECOND CLAIM**

**Individual Action Against Defendant**
**Under Illinois Wage Payment and Collection Act "IWPCA"**

72. Plaintiffs realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

10

73. Pursuant to the IWPCA, Plaintiff pleads the following

    a. That there was no "Agreement" to allow for deductions by Plaintiffs, as the deductions were not made freely and without compulsion.

    b. In the alternative, if there is an "agreement" to allow for deductions, that the agreement was violated by Defendants by not taking deductions consistent with that alleged agreement

    c. Plaintiffs had deductions taken without contemporaneous written authorizations as required by the IWPCA.

    d. That Plaintiffs were not paid for all work hours, as required by the IWPCA.

74. Plaintiffs were employed by Defendants.

75. It is and was at all relevant times, a policy of Defendants to take, without Agreement wages, tips and/or work time.

76. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

77. This cause of action arises out of IWPCA agreements; written and/or oral.

78. The named Plaintiffs were employed by Defendant.

79. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

80. Plaintiffs are or were under the control and direction of the owner of the Defendant and/or his agents during the period of the Plaintiff employment under their contracts of service and in fact.

81. Plaintiffs were not an independent contractors, rather were employees of the Defendant by oral IWPCA agreement.

82. Plaintiffs employment were in the usual course of business for which such service is performed.

83. Plaintiffs do not possess a proprietary interest in the Defendant.

84. The Defendant is an "employer" under the terms of the IWPCA section 2.

85. In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation".

86. Individual Defendant is named as an employer, as he knowingly permitted violations of the IWPCA, as alleged elsewhere in this complaint.

87. Plaintiffs' IWPCA claims include illegal tip deductions, failure to pay "agreed-to" wages and failure to pay wages in a timely manner.

### THIRD CLAIM FOR RELIEF
**On Behalf of PlaintiffsAgainst Defendants**
**(FLSA Claims, 29 U.S.C. § 201 et seq.)**

88. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

89. Plaintiffs pleads specific claims as found elsewhere in this complaint

90. At all relevant times, Defendant LSC has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

91. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiff, to work in excess of forty (40) hours per week without compensating such employees to pay its employees at an overtime rate of pay which does not include the added compensation earned as commissions or earned bonuses.

92. At all relevant times, the work performed by employees including the Plaintiffs employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

93. As a result of the Defendants willful failure to record or compensate its employees – including Plaintiffs employed by Defendants for all hours worked, Defendants have violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

94. As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiffs and members of the prospective FLSA Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

95. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

96. Plaintiffs seek damages in the amount of their respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

97. Plaintiffs seek recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

98. Plaintiffs have consented to be a party to this action, pursuant to 29 U.S.C. § 216(b).

99. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

100. At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendant were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

101. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of

wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

102. Individual Defendant is named as an employer, as they knowingly permitted violations of the FLSA, as alleged elsewhere in this complaint.

## FOURTH CLAIM

### Individual Action Against Defendants
### Under Chicago Minimum Wage Ordinance "CMWO"

103. Plaintiffs realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

104. Plaintiffs are covered employee by the CMWO

105. Defendant LSC is a covered employer pursuant to the CMWO.

106. The Defendant's unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendant's employees.

107. As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

108. CMWO contains a three-year statute of limitations regardless of whether the violation was willful.

109. Plaintiffs' IWML claims include illegal tip deductions, failure to pay minimum wages and failure to pay wages in a timely manner

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, pray for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

B. Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws, including repayment of deductions taken from all service employees of Defendants.

C. Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

D. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

E. 5% per month penalty as allowed under the IMWL and Treble Damages;

J. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

G. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1;

H. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

   I.  Consequential damages;

   J.  Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

   K.  Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

   L.  Treble damages pursuant to the CMWO.

   M.  and costs of this action; and

   N.  Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: February 10, 2025

          Respectfully submitted,

          By:  -S-John C. Ireland
             John C. Ireland

          Attorney for the Plaintiff, and Collective

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
Facsimile 630-206-0889    attorneyireland@gmail.com